**Meyer C. YASKIN**

v.

**Allen J. ALLSTON, Defendant, and City of Chester and the Pennsylvania Railroad Company, Third-Party Defendant.**

**Civ. A. No. 22400.**

United States District Court
E. D. Pennsylvania.

Nov. 25, 1959.

Motel Hindin, Cynwyd, Pa., Winokur & Kahn, by Alan Kahn, Philadelphia, Pa., for plaintiff.

La Brum & Doak, by Charles L. Ford, Philadelphia, Pa., for defendant and third-party plaintiff.

Swartz, Campbell & Henry, by Lynn L. Detweiler, Philadelphia, Pa., for City of Chester, third-party defendant.

John J. McDevitt, 3rd, by Bernard J. Smolens, Philadelphia, Pa., for Pennsylvania R. Co., third-party defendant.

GRIM, District Judge.

In this diversity case the principal liability issue before the jury was whether plaintiff was struck by defendant's car while he was on the sidewalk or whether he was struck in the street when he walked into the side of defendant's car. The verdict was in favor of the defendant. Plaintiff has filed a motion for a new trial.

The principal contention which has been made in the argument for the new trial is that the trial judge erred in permitting an averment of fact in the complaint to be used against the plaintiff during the trial.

The averment in the complaint was that while plaintiff was standing on the sidewalk "a motor vehicle owned by the defendant and being operated by him * * * was so negligently operated as to cause the plaintiff to step backwards and slip and fall on the icy and defective

sidewalk * * * resulting in his being struck by the said defendant's vehicle." This was a little different from plaintiff's testimony at the trial in which he stated that he was struck while standing on the sidewalk. To show the inconsistency in statements defendant attempted to cross-examine plaintiff in reference to the averment in the complaint and he offered the averment into the record in defendant's part of the case. The trial judge overruled plaintiff's objections and permitted the averment to be used by the defense.

The question is: Can a statement of fact in a federal court complaint be used against the plaintiff in his cross-examination and/or in the defendant's part of the trial to contradict plaintiff's testimony at the trial? Plaintiff contends that the answer must be in the negative because in the federal courts complaints constitute only notice pleading and are not true averments of fact and, besides, the attorneys who alone sign complaints have no authority to bind the clients by averments of fact in the complaints.

The question has been answered in the opinion of Giannone v. United States Steel Corp., 3 Cir., 1956, 238 F.2d 544, 547, in which the court said:

"The question here is to be distinguished from what the writers on evidence call 'judicial admissions' which are admissions in pleadings,[1] stipulations, etc., and which do not have to be proven in litigation. Wigmore, Evidence, §§ 1058, 2588 et seq. (3d ed. 1940); McCormick, Evidence, §§ 239, 242 (1954). However, pleadings which do not amount to judicial admissions—See Wigmore, supra, § 2589—may be used as evidence of factual allegations."

 It may well be that in cases where a complaint has been superseded by a new complaint or where it has been amended as to the contested averment the rule would not apply. However, where,

as was the situation in the present case, the complaint was not amended or superseded up to the time of trial, a defendant should be able to and can confront a plaintiff at trial with averments in the complaint which are inconsistent with his testimony at the trial. The trial judge did not err in permitting the defense to make use of the averment in the complaint.

Plaintiff's motion for a new trial will be denied.

---

[1]. When averments in the complaint are admitted in the answer or when averments are not answered when an answer is required they become "judicial admissions" by defendants.